**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FIRST ACCEPTANCE INSURANCE
COMPANY, INC.,

                Plaintiff,

v.                                            Case No.: 3:08-cv-1078-J-34JRK

JOSE RAMIREZ, AMILICAR PEREZ,
AND BRITTANY BELL,

                Defendants.

_____/

# O R D E R[1]

    **THIS CAUSE** is before the Court on Plaintiff First Acceptance Insurance Company,

Inc.'s Second Revised Motion for Final Default Judgment as it Pertains to Defendant Jose

Ramirez (Doc. No. 39; Ramirez Motion) and Plaintiff First Acceptance Insurance Company,

Inc.'s Revised Motion for Final Default Judgment as it Pertains to Defendant Amilicar Perez

(Doc. No. 40; Perez Motion) (collectively, "Motions for Default Judgment"), both filed on

October 28, 2009. Plaintiff initiated this action against Defendants, Jose Ramirez (Ramirez),

Amilicar Perez (Perez), and Brittany Bell (Bell),[2] on November 10, 2008. See Complaint for

Declaratory Judgment (Doc. No. 1; Complaint) at 1. In the Complaint, Plaintiff requests a

declaratory judgment as to its insurance coverage obligations in regard to an automobile

accident that occurred on June 1, 2008 (the "Accident"). See id. at 3-8. Additionally, Plaintiff

---

    [1]      This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

    [2]      Bell has appeared in this action and is outside the scope of the Court's determination of the Motions for Default Judgment.

seeks to estop Defendants from pursuing claims against Plaintiff for the Accident. See id. at 8.

The record reflects that Plaintiff effected service of process on Ramirez on December 2, 2008, see Summons in a Civil Action (Doc. No. 5), and on Perez on February 5, 2009, see Alias Summons in a Civil Action (Doc. No. 14). However, Ramirez and Perez failed to file an answer or otherwise respond to the Complaint. Thus, a Clerk's Default was entered against Ramirez on January 28, 2009, see Entry of Default (Doc. No. 11), and against Perez on March 5, 2009, see Entry of Default (Doc. No. 16). Following the default entries, Plaintiff filed the Motions for Default Judgment.[3] On December 16, 2009, the Court entered two orders (Doc. Nos. 44-45; December 16, 2009 Orders) directing Ramirez and Perez to respond to the Motions for Default Judgment on or before January 8, 2010, or the Court would treat them as being unopposed. See December 16, 2009 Orders at 1-2. Nevertheless, Ramirez and Perez did not file responses within the time permitted, nor have they filed responses as of the date of the instant Order. Accordingly, having given Ramirez and Perez adequate time to respond, the Motions for Default Judgment are due to be resolved.

---

[3]     Plaintiff filed previous motions for default judgment against Ramirez and Perez before the filing of the instant Motions for Default Judgment. See Plaintiff First Acceptance Insurance Company, Inc.'s Motion for Final Default Judgment as it Pertains to Defendant Jose Ramirez (Doc. No. 13); Plaintiff First Acceptance Insurance Company, Inc.'s Motion for Final Default Judgment as it Pertains to Defendant Amilicar Perez (Doc. No. 25); Plaintiff First Acceptance Insurance Company, Inc.'s Revised Motion for Final Default Judgment as it Pertains to Defendant Jose Ramirez (Doc. No. 30). However, these prior motions were denied without prejudice for failure to comply with the requirements of the Servicemembers Civil Relief Act. See June 11, 2009 Order (Doc. No. 29) at 6; July 21, 2009 Order (Doc. No. 31) at 5; July 21, 2009 Order (Doc. No. 32) at 7. Plaintiff has now remedied this failure in the renewed Motions for Default Judgment. See Military Affidavit (Doc. No. 39-1); Military Affidavit (Doc. No. 40-1).

### I. Standard of Review

Rule 55 establishes a two-step process for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend the lawsuit, the clerk of court is authorized to enter a clerk's default against the defendant. Fed.R.Civ.P. 55(a). Second, after receiving the clerk's default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the Court can enter a default judgment against the defendant for not appearing. Fed.R.Civ.P. 55(b)(2). A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances the case never has been placed at issue." Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986). While all well-pled allegations of fact are deemed admitted upon entry of default, before entering a default judgment the Court must ensure that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] See also GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs, Ltd., 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) ("A default judgment cannot stand on a complaint that fails to state a claim.") (citations omitted).

In addition to the requirements set forth in Rule 55, the Servicemembers Civil Relief Act, 50 U.S.C. app. §§ 501 et seq. (2003)(amending Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. §§ 501 et seq. (1940)) (the "SCRA"), imposes one additional

---

[4]     This case and all Fifth Circuit cases decided prior to September 30, 1981, are binding precedent pursuant to Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

burden on a plaintiff seeking to obtain a default judgment.  Pursuant to § 521 of the SCRA,

in any civil action in which a defendant fails to appear:

> [T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit -
>
> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
>
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1) (2003).

The Soldiers and Sailors Civil Relief Act (the "SSCRA") was initially enacted in 1940

"to prevent default judgments from being entered against members of the armed services

in circumstances where they might be unable to appear and defend themselves."  United

States v. Kaufman, 453 F.2d 306, 308-09 (2d Cir. 1971).  In considering its provisions, the

Supreme Court has instructed that the SSCRA, "must be read with an eye friendly to those

who dropped their affairs to answer their country's call."  Le Maistre v. Leffers, 333 U.S. 1,

6 (1948) (citing Boone v. Lightner, 319 U.S. 561, 575 (1943)).  In 2003, Congress amended

the SSCRA and renamed it as the Servicemembers Civil Relief Act.  Service Members Civil

Relief Act, H.R. Rep. No. 81, 108th Cong. at 32 (2003), reprinted in 2004 U.S.C.C.A.N.

2367, 2377. In doing so, Congress stated that it "has long recognized that the men and

women of our military services should have civil legal protections so they can 'devote their

entire energy to the defense needs of the Nation.'"  Id.  As such, the SCRA, like its

predecessor, explicitly requires any court to inquire into the service status of an individual prior to entering a default judgment. 50 U.S.C. app. at § 521.

In the case at bar, Plaintiff has provided affidavits establishing that neither Ramirez nor Perez are currently members of the Armed Forces of the United States. See Military Affidavit (Doc. No. 39-1; Ramirez Military Aff.) at 1-2; Military Affidavit (Doc. No. 40-1; Perez Military Aff.) at 1-2. Accordingly, the Court finds that Plaintiff has complied with the requirements of the SCRA, and there is no impediment to the entry of default judgment if jurisdiction and liability are established.

## II. Liability

In order for this Court to have jurisdiction under 28 U.S.C. § 1332(a), the amount in controversy must exceed $75,000, and there must be complete diversity of citizenship between the parties. In the Complaint, Plaintiff asserts that it is a Tennessee Corporation with its principal place of business in the state of Tennessee, that the Defendants are all citizens of Florida, and that the amount in controversy is in excess of the statutory requirement. See generally Complaint. Defendants, Ramirez and Perez, have been given adequate time and have failed to respond to the Complaint or otherwise appear in this action. Because Ramirez and Perez are deemed to admit all well-pled facts in the Complaint and Plaintiff has properly pled jurisdiction, this Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332(a). Thus, the Court turns to the question of whether Plaintiff has adequately stated a claim for which relief may be granted.

Title 28 United States Code § 2201 provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate

pleading, may declare the rights and other legal relations of any interested party seeking

such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a)

(1993). In accordance with the requirements of Article III of the Constitution, this statute,

known as the Declaratory Judgment Act, specifically provides that a district court may issue

a declaratory judgment "only in the case of an 'actual controversy[;]'" where the facts

alleged present "a substantial continuing controversy between two adverse parties." See

Malowney v. Fed. Collection Deposit Group, 193 F.3d 1342, 1347 (11th Cir. 1999). Indeed,

"'[t]he plaintiff must allege facts from which the continuation of the dispute may be

reasonably inferred. Additionally, the continuing controversy may not be conjectural,

hypothetical, or contingent; it must be real and immediate, and create a definite, rather than

speculative threat of future injury.'" Id.

In the Complaint, Plaintiff alleges that it issued personal auto insurance policy

number LBFL000105554 (the "Policy") to Ramirez. See Complaint at 3. A copy of the

Policy setting forth its terms is attached as Exhibit A to the Complaint. See Exhibit A (Doc.

No. 1-1). Plaintiff contends that Perez was driving an automobile (the "Vehicle") owned by

Ramirez when Perez collided with the automobile driven by Bell in the Accident. See

Complaint at 2-3. However, Plaintiff asserts that there is no coverage for the Vehicle

because, although the Vehicle was at one point included in the Policy, Ramirez deleted it

from the Policy prior to the Accident. See id. at 7. Additionally, Plaintiff contends there is

no coverage under the terms of the Policy because Perez operated the Vehicle without a

valid driver's license, a fact of which Ramirez was aware, thus, falling within a stated

exclusion to coverage under the Policy. See id. Plaintiff represents that it has a valid need

for a declaration of its rights and obligations to defend, indemnify, or pay damages under the Policy, and that it is seeking relief accordingly, not merely to seek legal advice of the Court.  See id. at 7-8.  Moreover, Plaintiff asserts that Ramirez, Perez, and Bell's interests in this matter are actual, present, and adverse to Plaintiff's.  See id. at 8.  Based on these allegations, the Court finds that Plaintiff has stated a claim for which relief may be granted.  Ramirez and Perez, by their default, are deemed to have admitted these allegations, and therefore, default judgment is due to be entered against them.

### III.    Conclusion

In accordance with the foregoing, the Court finds that it has jurisdiction over this matter, that Ramirez and Perez are in default, that the allegations of the Complaint state a claim for which relief may be granted, and that Plaintiff has complied with the requirements of the SCRA.  In light of these findings, default judgment is due to be entered against Defendants, Ramirez and Perez.   Accordingly, it is **ORDERED**:

1.      Plaintiff First Acceptance Insurance Company, Inc.'s Second Revised Motion for Final Default Judgment as it Pertains to Defendant Jose Ramirez (Doc. No. 39; Ramirez Motion) and Plaintiff First Acceptance Insurance Company, Inc.'s Revised Motion for Final Default Judgment as it Pertains to Defendant Amilicar Perez (Doc. No. 40; Perez Motion) (collectively, "Motions for Default Judgment") are **GRANTED**.

2.　　　The Clerk of the Court is directed to enter **JUDGMENT** in favor of Plaintiff and against Defendants, Jose Ramirez and Amilicar Perez.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of February, 2010.

**MARCIA MORALES HOWARD**
United States District Judge

lc8

Copies to:
Counsel of Record