**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FIRST ACCEPTANCE INSURANCE
COMPANY, INC.,

                           Plaintiff,

v.                                                                      Case No.: 3:08-cv-1078-J-34JRK

JOSE RAMIREZ, AMILICAR PEREZ,
AND BRITTANY BELL,

                           Defendants.

_____/

## ORDER[1]

**THIS CAUSE** is before the Court on Plaintiff, First Acceptance Insurance Company,

Inc.'s Motion for Final Summary Judgment (Doc. No. 33; Motion).  Plaintiff initiated this

action against Defendants, Jose Ramirez (Ramirez), Amilicar Perez (Perez), and Brittany

Bell (Bell), on November 10, 2008.  See Complaint for Declaratory Judgment (Doc. No. 1;

Complaint) at 1.[2]  In the Complaint, Plaintiff requests a declaratory judgment as to its

insurance coverage obligations in regard to an automobile accident that occurred on June

1, 2008 (the "Accident").  See id. at 3-8.  Additionally, Plaintiff seeks to estop Defendants

---

[1]       This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is
available electronically.  However, it has been entered only to decide the motion addressed herein and
is not intended for official publication or to serve as precedent.

[2]       Plaintiff effected return of service on Defendants.  See Summons in a Civil Action (Doc.
No. 5); Summons in a Civil Action (Doc. No. 6); Alias Summons in a Civil Action (Doc. No. 14).  On
December 29, 2008, Bell filed her answer and affirmative defenses to the Complaint.  See Answer of
Brittany Bell (Doc. No. 4; Answer).  However, Perez and Ramirez did not appear in this action or respond
to the Complaint.  Accordingly, the clerk of the court entered default against these Defendants, see
Entries of Default (Doc. Nos. 11, 16), and the Court entered final default judgment against them on
February 25, 2010, see February 25, 2010 Order (Doc. No. 46).

from pursuing claims against Plaintiff for the Accident. See id. at 8. On August 14, 2009,

Plaintiff filed the Motion, seeking summary judgment in its favor, pursuant to Rule 56,

Federal Rules of Civil Procedure (Rule(s)). See Motion at 1.[3] Bell has responded to the

Motion, see Defendant, Brittany Bell's Amended Response to Motion for Summary

Judgment (Doc. No. 38; Response),[4] and accordingly, the Motion is ripe for review.

**I.    Facts**[5]

Plaintiff initially issued personal auto insurance policy number LBFL000105554 (the

"Policy") to Ramirez with coverage commencing on November 20, 2006. See Application;

Merryman Aff. at 2. In pertinent part, the Policy provides:

> **"Declarations Page"** means the document from **"us"** listing:
>   a.    The types of coverage **"you"** have elected;
>   b.    The limit for each coverage;
>   c.    The cost for each coverage;
>   d.    The specified **"autos"** covered by this policy;
>   e.    The types of coverage for each **"auto;"** and
>   f.    Other information applicable to this policy.

---

[3]     Plaintiff's Motion is supported by the Affidavit of Tracy Merryman, AVP in Support of Plaintiff's Motion for Final Summary Judgment (Doc. No. 33-2; Merryman Aff.), a copy of the Policy (Doc. No. 33-3), a November 20, 2006 Automobile Application (Doc. No. 33-4; Application), and various declaration pages all relating to the Policy, see November 28, 2006 Declaration Page (Doc. No. 33-5); April 23, 2007 Declaration Page (Doc. No. 33-6); May 8, 2007 Declaration Page (Doc. No. 33-7); May 20, 2007 Declaration Page (Doc. No. 33-8); June 20, 2007 Declaration Page (Doc. No. 33-9); November 20, 2007 Declaration Page (Doc. No. 33-10); January 19, 2008 Declaration Page (Doc. No. 33-11); May 19, 2008 Declaration Page (Doc. No. 33-12); May 20, 2008 Declaration Page (Doc. No. 33-13) (collectively, "Declaration Pages").

[4]     Defendant, Bell, initially responded to the Motion on September 11, 2009, by filing Defendant's, Brittany Bell, Response to Motion for Summary Judgment (Doc. No. 37). However, she later submitted a revised memorandum in opposition to the Motion in which she withdrew certain arguments. See Response at 1. Accordingly, the Court deems those arguments to be abandoned and need not address them. In support of the Response, Bell has filed her Request for Admissions to Defendant, Jose Ramirez (Doc. No. 38-2; Ramirez Request), and Request for Admission to Defendant, Amilicar Perez (Doc. No. 38-3; Perez Request).

[5]     Unless otherwise noted, the facts recited in this section are undisputed.

. . .

**"Family member"** means a person related to **"you"** by blood, marriage or adoption that is a resident of **"your"** household.  This includes a ward or foster child, or stepchild.

. . .

**"Non-owned auto"** means any **"auto"** that is not **"owned"** by **"you"** or any **"family member"** while in the custody of or being operated by **"you"** or any **"family member"** and while being used within the scope of the **"owner's"** express or implied consent.

. . .

**"Your covered auto"** means:
1.    Any **"auto" "owned"** by the **"named insured"** and shown on the **Declarations Page,"** unless you have asked **"us"** to delete that **"auto"** from the policy.

. . .

**INSURING AGREEMENT**
If **"you"** pay a premium for this coverage, **"we"** will pay damages . . . for which any **"insured"** becomes legally responsible because of an **"auto" "accident"** resulting from the ownership, maintenance or use of **"your covered auto"** or a **"non-owned auto."**

. . .

**"Insured" as used in this Part means:**
1.    **"You"** or any **"family member"** for the ownership,
maintenance or use of **"your covered auto."**
2.    **"You"** or any **"family member"** while operating any **"non-owned auto"** with the express or implied consent of the **"owner"** of the **"auto."**

. . .

4.    Any person driving **"your covered auto"** with **"your"** express or implied consent and within the scope of such consent.

. . .

**EXCLUSIONS**

. . .

B. **"We"** do not provide Liability Coverage for ownership, maintenance or use of:

   1. Any **"auto,"** other than **"your covered auto,"** which is:
      a. **"Owned"** by **"you;"** or

                                        . . .

Policy at 6-9, 11 (boldface in original).

After acquiring the Policy, Ramirez renewed it a number of times and added and deleted various vehicles. See Declaration Pages; Merryman Aff. at 2-3. Specifically, on November 28, 2006, Ramirez added a 1997 Ford F-150, vehicle identification number 1FTDX1765VNC83499 (the "Truck") to the Policy. See November 28, 2006 Declaration Page at 1; Merryman Aff. at 2. Then on May 19, 2008, Ramirez deleted the Truck from his Policy,[6] see May 19, 2008 Declaration Page at 1; Merryman Aff. at 3, and signed an endorsement to that effect,[7] see May 19, 2008 Declaration Page at 2. The following day, Ramirez renewed his Policy for the period of May 20, 2008, to November 20, 2008, without making any changes to the listing of covered vehicles. See May 20, 2008 Declaration Page at 1; Merryman Aff. at 3.

On June 1, 2008, Perez was driving the Truck, which was owned by Ramirez. See Complaint at 2; Answer at 1. On that day, an Accident occurred in Jacksonville, Florida between the Truck and a vehicle driven by Bell. See Complaint at 2-3; Answer at 1.

---

[6]      Based on Perez and Ramirez' failure to respond to Bell's requests for admissions, Bell asserts that Perez was covered by Ramirez' Policy. See Response at 3. Additionally, Bell contends that Ramirez did not request Perez' removal from the Policy, and that removal of coverage was without proper authority. See id. at 3-4.

[7]      Bell questions the authenticity of Ramirez' signature on the second page of the May 19, 2008 Declaration Page in light of Perez and Ramirez' failure to respond to Bell's requests for admissions. See Response at 1-2.

Following the Accident, Perez was arrested and charged with driving on the wrong side of the road, failure to have a driver's license (ever), leaving the scene of an accident with bodily injury, leaving the scene of an accident with property damage, open container, and driving under the influence. See Complaint at 3; Answer at 1.

## II.     Summary of Argument

Plaintiff argues that there are no material facts in dispute, and it is entitled to final summary judgment as a matter of law. See Motion at 1, 11. First, Plaintiff asserts that, because Ramirez deleted the Truck from his Policy prior to the Accident, the Truck does not qualify as a "covered auto" and is not covered by the Policy. See id. at 1, 4, 9-11. Additionally, Plaintiff contends that damages are not otherwise payable for the Accident because the Truck does not qualify as a "non-owned auto." See id. at 10.

Bell's opposition to the Motion is based on the failure of Perez and Ramirez to respond to requests for admissions that were served upon them. See Response at 1, 3-4. Because Perez and Ramirez failed to respond to these requests for admissions, Bell contends that they are deemed admitted. See id. at 2-4. In light of these purported admissions, Bell avers that the authenticity of Ramirez' signature on the second page of the May 19, 2008 Declaration Page, indicating that Ramirez had deleted the Truck from his policy, is called into question. See id. at 1. Additionally, Bell argues that the admissions establish that Perez was a member of Ramirez' household at the time of the Accident, and accordingly, was covered by Ramirez' Policy. See id. at 3. Moreover, Bell asserts that the admissions indicate that there is no authenticated or legal evidence that Ramirez requested the removal of Perez from the beneficial interest of the Policy, and that removal from

-5-

coverage was without proper authority. See id. at 3-4. As such, Bell asks the Court to deny the Motion and determine that genuine issues of material fact exist that must be tried. See id. at 4.

**III.     Standard of Review**

Pursuant to Rule 56(c), summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c). An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the nonmovant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Rule 56 permits the moving party to discharge this burden with or without supporting affidavits. See Rule 56(a), (b).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a

genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (per curiam) (internal citation and quotations omitted).  In addition, the dispute must have a "real basis in the record" in order to constitute a genuine dispute of fact.  Pace v. Capobianco, 283 F.3d 1275, 1278 (11th Cir. 2002) (quoting Mize, 93 F.3d at 742) (internal quotations omitted).  Thus, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."  Ellis v. England, 432 F.3d 1321, 1327 (11th Cir. 2005).  Nevertheless, in determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment."  Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994) (per curiam)).

## IV.    Discussion

Upon review of the record in this action, including Plaintiff's Motion and the attached documents, the Court finds that Plaintiff has met its initial burden of demonstrating that there are no genuine issues of material fact to be determined at trial.  Specifically, Plaintiff has adduced evidence that there is no coverage for the Accident under the Policy.  The Policy provides insurance coverage for "covered" autos and "non-owned" autos. See Policy at 8.  However, the evidence adduced by Plaintiff shows that Ramirez deleted the Truck from the Policy on May 19, 2008, see May 19, 2008 Declaration Page at 1-2; Merryman Aff. at 3, and that the Truck is not listed on the May 20, 2008 Declaration Page, which encompasses the date of the Accident, see May 20, 2008 Declaration Page at 1; Merryman Aff. at 3.  Thus, the Truck does not meet the definition of a "covered auto" under the Policy.

Additionally, Plaintiff has produced evidence that Ramirez owned the Truck, and therefore, the Truck does not qualify as a "non-owned auto."[8] Accordingly, the Court determines that the burden shifts to Bell to designate specific facts establishing that there is a genuine issue of material fact for trial.

In order to meet her burden, Bell argues that the requests for admissions that were served on Perez and Ramirez are deemed admitted by their failure to respond. See Response at 1-4. Specifically, she asserts that the admissions raise doubts about the authenticity of Ramirez' signature on the endorsement deleting the Truck from his Policy. See id. at 1. Additionally, Bell argues that the admissions raise an issue of fact as to Perez' status as a member of Ramirez' household, and the propriety of Perez' removal from the policy, in light of his family member status. See id. at 3-4. Bell contends that these admissions create genuine issues of disputed fact forestalling summary judgment in Plaintiff's favor. See id. at 1, 4. The fatal flaw in Bell's argument, however, lies in her misunderstanding of the nature of Rule 36 admissions and their proper application.

Rule 36 provides that a party may serve upon any other party a written request to admit the truth of certain matters, including facts, the application of law to facts, opinions about facts or law applied to facts, and the genuineness of documents. See Rule 36(a)(1). Additionally, a matter is generally deemed admitted unless the party receiving the request

---

[8] Plaintiff argues that the Truck is not a "non-owned auto" because it was operated by Perez, not Ramirez or a "family member." See Motion at 10. Bell has admitted that Perez operated the Truck during the Accident. See Answer at 1. However, Bell disputes that Perez was not a member of Ramirez' household. See Response at 2-3. Nevertheless, the Court notes that, regardless of the parties dispute over Perez' status as a "family member" of Ramirez', the Truck does not qualify as a "non-owned auto" because it was owned by Ramirez, see Policy at 7, which Bell has admitted, see Complaint at 2; Answer at 1.

responds or objects to it within thirty days of being served with the request.  See Rule

36(a)(3).  Here, it is undisputed that Perez and Ramirez did not respond to Bell's requests

for admissions.  However, a fact deemed admitted by one party does not necessarily bind

a codefendant to such admission.  See Riberglass, Inc. v. Techni-Glass Indus., Inc., 811

F.2d 565, 566-67 (11th Cir. 1987).

While somewhat factually distinct, the Court finds the decision of the Eleventh Circuit

Court of Appeals in Riberglass to be instructive on the issue presented here.  In Riberglass,

the court reviewed a grant of summary judgment against a defendant based upon facts

deemed admitted by his codefendants' failure to respond to requests for admissions.  See

id. at 566.  Two individuals, alleged guarantors of a debt sought to be recovered, were

named as defendants along with the debtor.  See id.  Because the debtor and one of the

guarantors failed to respond to requests for admissions, the requests were deemed

admitted and summary judgment was granted against them on the basis of the admissions.

See id.  The second guarantor, however, responded to the request for admissions.  See

id.  Nevertheless, the trial court granted summary judgment against the responding

guarantor based on the fact that summary judgment had been entered against the debtor

and the other guarantor.  See id.  In doing so, the court concluded that the responding

guarantor was destined to "rise and fall" with the defaulting guarantor.  See id. at 566 n.1.

The Eleventh Circuit Court of Appeals disagreed finding that the responding

defendant was not bound by the deemed admissions of the other parties.  See id. at 567.

In doing so, the Riberglass court recognized decisions from other jurisdictions rejecting the

contention that facts deemed admitted as to one defendant due to a failure to respond are

binding on a codefendant. See id. at 566-67. The Eleventh Circuit concluded that the "court erred in saddling [the responding guarantor] with the deemed admissions of his codefendants" and reversed the district court's entry of summary judgment. See id. at 567. The Fifth Circuit Court of Appeals and the United States District Court for the Northern District of Illinois have reached similar conclusions. See Becerra v. Asher, 105 F.3d 1042, 1048 (5th Cir. 1997) ("Deemed admissions by a party opponent cannot be used against a co-party."); Allen v. Destiny's Child, No. 06 C 6606., 2009 WL 2178676, at *2 (N.D. Ill. July 21, 2009).

Admittedly, the facts before the Court are somewhat distinct from those in Riberglass. First, Riberglass dealt with deemed admissions of codefendants applied against another codefendant, while here, Bell attempts to use the deemed admissions of her codefendants against an opposing party, the Plaintiff. Additionally, the guarantor in Riberglass was served with a request for admissions to which he responded, while in the current litigation, the Court has been provided with no information regarding Plaintiff's response to any such request. Nevertheless, the reasoning of Riberglass is equally applicable here. Indeed, the impropriety of such a use of deemed admissions is, if anything, more manifest in the current litigation, where one defendant seeks to use the admissions of her codefendants against the plaintiff.

Two decisions from district courts considering the binding effect of deemed admissions on other parties similarly recognize the dangers inherent in adopting the position urged by Bell. In Kittrick v. GAF Corp., 125 F.R.D. 103 (M.D. Pa. 1989), plaintiffs sued a defendant for asbestos poisoning. See Kittrick, 125 F.R.D. at 104. The defendant,

in turn, filed a third party complaint against another party (the third party defendant).  See id.  When the plaintiffs failed to respond to the third party defendant's request for admissions, the third party defendant sought to use the plaintiffs' deemed admissions against the defendant/third party plaintiff as a basis for summary judgment.  See id. at 104-06.  The court denied the request for summary judgment finding that the plaintiffs' admissions could not bind the defendant.  See id. at 106-07 (citing Riberglass, and citing C. Wright and A. Miller, Federal Practice and Procedure: Civil § 2264, at p. 741 (1970) for the proposition that only when an admission is offered against the party who made it does it come within an exception to the hearsay rule and that an admission does not bind the party who requested it or a coparty).  In doing so, the court explained that to hold otherwise would be "manifestly unfair" to the defendant because the plaintiffs had asserted no cause of action directly against the third party defendant, and so, had no great incentive to respond to the requests for admissions.  See id. at 106.  Moreover, the defendant could not compel the plaintiffs to respond to the third party defendant's requests for admissions.  See id.  Accordingly, the court held that in such circumstances the plaintiffs' admissions could not bind the defendant.  See id.

In Alipour v. State Auto. Mut. Ins. Co., the court ruled on a motion to reconsider an order granting, in part, and denying, in part, summary judgment.  See 131 F.R.D. 213, 214 (N.D. Ga. 1990).  The order had granted summary judgment against two plaintiffs for their failure to respond to discovery requests and the motion for summary judgment.  See id.  Nevertheless, the order had denied summary judgment against the remaining plaintiff despite the fact that, as the loss payee of the defaulting plaintiffs' insurance contract, its

rights were derivative of theirs.  See id.  Based on the decisions in Riberglass and Kittrick,

the court upheld its previous order because the loss payee plaintiff was not bound by the

admissions of the defaulting plaintiffs, notwithstanding the fact that the loss payee plaintiff's

right to recover depended on the defaulting plaintiffs' right to recover.  See id. at 215.

     This Court finds the reasoning of Riberglass, Kittrick, and Alipour persuasive here.

The rights or liabilities of one party should not be beholden to the failure of another party,

particularly an opposing party, to respond to requests for admissions.  Such deemed

admissions may appropriately bind the defaulting party itself, but cannot justly be imposed

upon a party that had no involvement in the failure to respond, and had no means to

compel the defaulting party's compliance.  Finding otherwise would essentially allow the

sins of one party to be visited upon another.  Chief Justice Marshall perhaps stated this

principal best, albeit under somewhat different circumstances, nearly two hundred years

ago.  "In the same cause, a fact, not controverted by one party, who does not appear, and

therefore as to him taken for confessed, ought not, on that implied admission, to be brought

to bear upon another who does appear, does controvert, and does disprove it."  The Mary,

Stafford, Master, 9 Cranch 126, 143 (1815) (admiralty action in which condemnation of a

vessel due to the owner's default could not bind the owners of the cargo; noting that the

owners of the cargo had no control over the vessel's owner and could not force him to file

a claim or file a claim for him).

     Here, the failure of Perez and Ramirez to respond to Bell's requests for admissions

constitutes Bell's only opposition to Plaintiff's argument that the Policy provides no

coverage for the Accident.  However, Bell is not attempting to use these deemed

admissions against Perez and Ramirez, but is instead attempting to "saddle" them on

Plaintiff. This is particularly troubling in this instance because, as in <u>Kittrick</u>, Perez and

Ramirez had no real incentive to respond to Bell's requests for admissions. In fact, Perez

and Ramirez may have had a disincentive to respond because, if the Accident is covered

by the Policy, Plaintiff may be obligated to pay damages, perhaps causing Bell not to

pursue further damages from Perez and Ramirez.[9] Moreover, Plaintiff had no means to

compel Perez and Ramirez to respond to Bell's requests for admissions. Under these

circumstances, Plaintiff should not be bound by the admissions of Perez and Ramirez. To

find otherwise would be "manifestly unfair" to Plaintiff.

Therefore, as Bell's opposition to the Motion is wholly based on the deemed

admissions of Perez and Ramirez, and the Court has determined that it would be improper

to allow Bell to use these deemed admissions against Plaintiff, Bell has offered no rebuttal

to Plaintiff's evidence indicating it is entitled to summary judgment. Specifically, without the

deemed admissions of Perez and Ramirez, Bell has offered no evidence to suggest that

Ramirez' signature on the May 19, 2008 Declaration Page is not genuine. Accordingly,

Plaintiff's assertion that Ramirez deleted the Truck from the Policy prior to the Accident,

thereby disqualifying the Truck as a "covered auto," remains unrefuted.[10]

---

[9]     Indeed, if deemed admissions were utilized as Bell attempts, it is easy to envision the potential collusion that could occur between opposing parties against insurers. The Court is not implying that such is the case here, but the potential for abuse is apparent.

[10]     To the extent Bell argues that summary judgment is improper because Perez was a "member of Ramirez' household," and as a result, <u>his</u> removal from the Policy was somehow improper, she is mistaken. Preliminarily, the Policy provides some coverage for "family members," not merely members of the insured's "household." Thus, Bell's suggested conflict would raise no genuine issue of fact. But more importantly, it was the vehicle that was deleted from coverage under the Policy, not Perez.

(continued...)

-13-

Likewise, Bell has offered no evidence rebutting Plaintiff's assertion that the Truck does not qualify as a "non-owned auto." Even if the Court found there to be a genuine issue of material fact as to whether Perez was a "family member" of Ramirez' and, thus, contemplated by the Policy's "non-owned auto" coverage, no genuine issue of material fact would remain as to the Truck's lack of "non-owned auto" status. This is because, regardless of Perez' status, Bell has admitted that Ramirez owned the Truck. See Complaint at 2; Answer at 1; Policy at 7 ("**'Non-owned auto'** means any **'auto'** that is not **'owned'** by **'you'** [(Ramirez)] or any **'family member'** while in the custody of or being operated by **'you'** or any **'family member'** and while being used within the scope of the **'owner's'** express or implied consent." (boldface in original; underline supplied)).

## V. Conclusion

The evidence before the Court establishes, without dispute, that Ramirez owned the Truck at the time of the Accident, but had previously deleted the Truck from the Policy. As such, even taken in the light most favorable to Bell, the Truck does not qualify as a "covered auto" or a "non-owned auto," and accordingly, the Accident is not covered by the Policy. Accordingly, summary judgment is due to be granted in Plaintiff's favor.

Upon due consideration of the foregoing, it is hereby **ORDERED**:

1.      Plaintiff, First Acceptance Insurance Company, Inc.'s Motion for Final Summary Judgment (Doc. No. 33; Motion) is **GRANTED**.

---

[10](...continued)
Bell has failed to identify any genuine issue of material fact as to the propriety of the deletion by Ramirez of a previously covered vehicle.

2.      The Clerk of the Court is directed to enter **JUDGMENT** in favor of Plaintiff and against Defendant, Brittany Bell.

3.      The Clerk of the Court is further directed to terminate any remaining pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of February, 2010.

**MARCIA MORALES HOWARD**
United States District Judge

lc8

Copies to:
Counsel of Record